UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ALEXA ONATE MELECIO, *individually and on behalf of all others similarly situated*, | : : : : |
| Plaintiff, | : : |
| v. | : Civil Action No.: _____ : |
| NESHAMINY SW LLC d/b/a SALADWORKS | : **JURY TRIAL DEMANDED** : : : |
| and | : : |
| OHRAN G. VELI | : : : |
| Defendants. | : : |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Alexa Onate Melecio ("Plaintiff"), by and through her attorneys, BROWN, LLC, hereby brings this Collective and Class Action Complaint against Defendant Neshaminy SW LLC d/b/a Saladworks ("Defendant Saladworks") and Defendant Ohran G. Veli ("Defendant Veli") (collectively referred to as "Defendants"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action contending that Defendants unlawfully failed to pay individuals in the position of "Assistant Manager" wages and overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Additionally, Plaintiff brings this action individually and as a Rule 23 class action on behalf of Assistant Managers to recover wages and overtime compensation, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants'

violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, as well as certain wages and benefits under the WPCL.

3. Defendants maintain and operate SaladWorks franchises which provide food-and-beverage services to customers.

4. Plaintiff is a former employee of Defendants who was employed in the position of Assistant Manager.

5. During the course of her employment, Defendants unlawfully failed to pay Assistant Managers for overtime compensation for work performed in excess of forty (40) hours during a workweek.

6. Assistant Managers regularly worked more than forty (40) hours per workweek but were not paid an overtime premium of 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek in violation of the FLSA.

7. Defendants classified Assistant Managers as exempt from overtime pay pursuant to the FLSA.

8. Defendants willfully misclassified Assistant Managers as exempt from overtime pay pursuant to the FLSA despite knowing that Assistant Managers do/did not fall within any of the FLSA's exemptions to the statutes overtime pay requirements.

9. Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of herself and the "FLSA Collective," defined as: *all current and former Assistant Managers who worked for Defendants in the United States at any time within the three (3) years preceding the commencement of this action and the date of judgment. See* 29 U.S.C. §§ 207(a)(1); 216(b).

10. Plaintiff seeks unpaid overtime wages, pre- and post-judgment interest, and liquidated damages pursuant to the PMWA and WPCL on behalf of herself and the "Rule 23 Pennsylvania Class" defined as: *all current and former Assistant Managers who worked for Defendant in the Commonwealth of Pennsylvania at any time within the three (3) years preceding the commencement of this action and the date of judgment*.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

12. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it is an action arising under the laws of the United States.

13. This Court has supplemental jurisdiction over the Pennsylvania wage-and-hour claims pursuant to 28 U.S.C. § 1367 because they are part of the same case and controversy as Plaintiff's federal claims.

14. This Court may properly maintain personal jurisdiction over Defendants because Defendants reside in this state and because Plaintiff's claims arise from Defendants' contacts with this state.

15. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

16. Plaintiff Alexa Onate Melecio is a resident of Levittown, Pennsylvania.

17. Plaintiff was employed by Defendants from approximately July 2021 to December 2023.

18. Plaintiff was employed by Defendants in the position of Assistant Manager from approximately May 2023 to December 2023.

19. Plaintiff worked at Defendants' Saladworks store in Langhorne, Pennsylvania throughout her employment.

20. Defendant Neshaminy SW LLC d/b/a Saladworks is a limited liability company duly organized and existing in the Commonwealth of Pennsylvania with a headquarters located at 9353 Banes Street, Unit B, Philadelphia, PA 19115.

21. Defendant Veli is the owner of Defendant Neshaminy SW LLC d/b/a Saladworks.

22. Defendant Veli is a resident of the Commonwealth of Pennsylvania and maintains an office located at 9353 Banes Street, Unit B, Philadelphia, PA 19115.

23. Defendant Veli has directed employment practices of Defendant Saladworks.

24. Defendant Veli has directly or indirectly acted in the interest of Defendant Saladworks.

25. Defendant Veli has directly or indirectly acted in the interest of Defendant Saladworks in relation to its employees at all times relevant herein.

26. Defendant Veli has directly or indirectly acted in the hiring and firing employees.

27. Defendant Veli has directly or indirectly acted in relation to setting employees' conditions of employment.

28. Defendant Veli has directly or indirectly acted in relation to setting employees' schedules.

29. Defendant Veli has directly or indirectly acted in relation to setting employees' rates and methods of compensation.

30. Defendant Veli has directly or indirectly acted in relation to distributing payroll.

31. Defendant Veli has directly or indirectly acted in supervising employees day-to-day.

32. At all times relevant, Defendants acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of the employment and for Defendants.

## GENERAL ALLEGATIONS

33. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

34. Defendants' gross annual sales has been in excess of $500,000 at all relevant times.

35. Defendants are an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because they have employees engaged in commerce as well as employees handlings, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

36. Additionally, Defendants have had two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for commerce.

37. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

38. Defendants operate stores providing food services including the selling and preparing/making of salads and other food items in the Commonwealth of Pennsylvania.

39. Defendants operate stores providing food services including the selling and preparing/making of salads and other food items in the State of New Jersey.

40. Defendants operate approximately nine (9) food and beverage stores conducting business as "Saladworks."

41. Specifically, Defendants' Saladworks locations include Freehold, NJ, Wayne, NJ, Tom's River, NJ, Galloway Twp, NJ, Huntingdon, PA, Broomall, PA, Langhorne, PA, and Philadelphia, PA.

42. Defendants employ Assistant Managers, who, *inter alia*, clean, prepare, and make salads, as well as general customer service (e.g., operate cashier and take customer orders).

43. Assistant Managers do/did not qualify for any exemptions under the FLSA.

44. Defendants misclassified Assistant Managers as exempt from overtime pay under the FLSA.

45. Defendants regularly suffered and permitted Assistant Managers to work more than forty (40) hours per workweek,

46. Defendants did not pay Assistant Managers an overtime premium of 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek in violation of the FLSA.

47. Defendants willfully misclassified Assistant Managers as exempt from overtime pay under the FLSA, despite knowing that the primary job duties of Assistant Managers do/did not fall within any of the FLSA's exemptions to the statute's overtime pay requirements.

48. Defendants are aware, or should have been aware, that Assistant Managers were performing non-exempt work that required payment of overtime compensation.

49. At all times relevant hereto, Assistant Managers are/were "non-exempt" employees under the FLSA and entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

50. As a result of Defendants' aforesaid actions, Assistant Managers have suffered damages.

51. During the week beginning December 11, 2023 and ending December 17, 2023, Plaintiff worked over forty (40) hours but did not receive overtime compensation for the hours worked over forty (40) in a workweek.

52. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

53. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

54. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

55. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of:

> *All current and former Assistant Managers who worked for Defendant in the United States at any time within the three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective").*

56. Plaintiff reserves the right to amend this definition as necessary.

57. With respect to the claims set forth in this action, a collection action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to

Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

58. The employment relationship between Defendants and every FLSA Collective member is the same and differ only by name, location, and rate of pay. The key issues – whether Defendants failed to pay Assistant Managers overtime compensation for hours worked in excess of forty (40) in a workweek – do not vary substantially among the FLSA Collective members.

59. The precise number of the FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records. The FLSA Collective members may be informed of the pendency of this collective action by direct mail, e-mail, and text message.

60. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

### **RULE 23 PENNSYLVANIA CLASS ACTION ALLEGATIONS**

61. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

62. Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All current and former Assistant Managers who worked for Defendant in the Commonwealth of Pennsylvania at any time within the three (3) years preceding the commencement of this action and the date of judgment ("Rule 23 Pennsylvania Class").*

63. The members of the Rule 23 Pennsylvania Class are so numerous that joinder of all members is impractical. The Rule 23 Pennsylvania Class members may be informed of the pendency of this action by direct mail, e-mail, and text message.

64. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Pennsylvania Class, including, but not limited to:

A. Whether the Rule 23 Pennsylvania Class members worked more than forty (40) hours in a workweek;

B. Whether the Rule 23 Pennsylvania Class members were misclassified as employees exempt from overtime compensation;

C. Whether Rule 23 Pennsylvania Class members are owed overtime (above the federally mandates overtime wages due under the FLSA) for hours worked in excess of forty (40) in a workweek; and

D. Whether Rule 23 Pennsylvania Class members are entitled to overtime compensation and, if so, the appropriate amount thereof.

65. Plaintiff's claims are typical of the claims of the Rule 23 Pennsylvania Class members. Plaintiff is a former employee of Defendants and was employed as an Assistant Manager who has suffered similar injuries as those suffered by the Rule 23 Pennsylvania Class members as a result of Defendants' failure to pay wages and overtime compensation. Defendants' conduct of violating the PMWA and WPCL has impacted the Rule 23 Pennsylvania Class in the exact same way.

66. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Pennsylvania Class. Plaintiff is similarly situated to the Rule 23 Pennsylvania Class and has not conflict with the Rule 23 Pennsylvania Class members.

67. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

68. Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Rule 23 Pennsylvania Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Pennsylvania Class that would establish incompetent standards of conduct for Defendants;

B. Defendants, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA and WPCL, has acted or refused to act on grounds generally applicable to the Rule 23 Pennsylvania Class, thereby making equitable relief appropriate with respect to the Rule 23 Pennsylvania Class as a whole; and

C. The common questions of law and fact set forth above appliable to the Rule 23 Pennsylvania Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

69. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of parties is impractical. The Rule 23 Pennsylvania Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

70. Additionally, the damages suffered by each Rule 23 Pennsylvania Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 Pennsylvania Class members to bring individual claims. The presentation of separate actions by individual Rule 23 Pennsylvania Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Rule 23 Pennsylvania Class to protect his or her interests.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**
(***Brought Individually and on a Collective Basis***)

71. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

72. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

73. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

74. In most workweeks, Plaintiff and the FLSA Collective members worked over forty (40) hours.

75. In workweeks in which Plaintiff and the FLSA Collective members worked in excess of forty (40) hours, the hours above forty (40) in a workweek should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage, 29 U.S.C. § 207, but were not.

76. Defendants' violations of the FLSA were knowing and willful.

77. Defendants knew or could have easily determined whether Plaintiff and the FLSA Collective were entitled to overtime compensation for work performed in excess of forty (40) in a workweek and Defendants could have properly compensated Plaintiff and the FLSA Collective members for such time, but did not.

78. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, and employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333.100, *et seq.*
## FAILURE TO PAY WAGES AND OVERTIME COMPENSATION
**(*Brought Individually and on a Rule 23 Class Basis*)**

79. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

80. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. *See* 43 P.S. § 333.113.

81. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. *See* 43 P.S. § 333.113.

82. By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act by failing to properly pay wages and overtime compensation to Plaintiff and the Rule 23 Pennsylvania Class for all hours worked in excess of forty (40) in a workweek.

83. As a result of Defendants' unlawful acts, Plaintiff and Rule 23 Pennsylvania Class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act.

### COUNT III
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq.*
### FAILURE TO PAY WAGES DUE AND OWING
### (*Brought on an Individual and Rule 23 Class Basis*)

84. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

85. Defendants agreed to pay Plaintiff and the Rule 23 Pennsylvania Class members for all hours worked, as evidenced by Defendants paying them regularly, furnishing them paystubs, and instructing them to use Defendants' timekeeping system.

86. Defendants improperly classified Plaintiff and the Rule 23 Pennsylvania Class members as employees "exempt" from overtime compensation and, as a result, failed to compensate Plaintiff and the Rule 23 Pennsylvania Class members overtime of 1.5 times their regular rates of pay for hours worked in excess of forty (40) in a workweek.

87. Defendants' conduct and practices, described herein, have been willful, intentional, unreasonable, arbitrary, and in bad faith.

88. Under the WPCL, "[a]ll wages . . . earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment."

89. No provision of the WPCL, including an employee's right to payment of all wages "earned in any pay period" may be "contravened or set aside by a private agreement." *See* 43 P.S. § 260.7.

90. The aforementioned wages and overtime compensation are "wages" that were "earned" within the meaning of the WPCL, and are due and owing under the WPCL.

91. Plaintiff and the Rule 23 Pennsylvania Class members have been denied overtime compensation for all hours worked over forty (40) in a workweek.

92. As a result of Defendants failure to pay Plaintiff and the Rule 23 Pennsylvania Class members these wages are due and owing, Plaintiff and the Rule 23 Pennsylvania Class members are entitled to liquidated damages equal to twenty-five percent (25%) of the total amount of wages due.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective and Rule 23 Pennsylvania Class, respectfully requests that this Court grant the following relief against Defendants:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B. Certifying this action as a class action (for the Rule 23 Pennsylvania Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claims (Counts II and III);

C. Ordering Defendants to disclose in computer format, or in print if not computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Pennsylvania Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably

calculated to apprise the class/collective members of their rights by law to join and participate in this lawsuit;

D. Designating Plaintiff as the representative of the FLSA Collective and the Rule 23 Pennsylvania Class, and undersigned counsel as Class Counsel for the same;

E. Finding that Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

F. Finding that Defendants violated the PMWA and WPCL, and that said violations were intentional, willfully oppressive, fraudulent and malicious;

G. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective and the Rule 23 Pennsylvania Class the full amount of compensatory damages and liquidated damages available by law;

H. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

I. Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective and Rule 23 Pennsylvania Class in this action;

J. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

K. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff Alexa Onate Melecio, individually and on behalf of all other FLSA Collective and Rule 23 Pennsylvania Class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

                                                    Respectfully submitted,

Dated: Thursday, April 18, 2024                     **BROWN, LLC**

                                                */s/ Edmund C. Celiesius*
                                                 Edmund C. Celiesius (PA Bar #326197)
                                                 111 Town Square Place, Suite 400
                                                 Jersey City, NJ 07310
                                                 T: (877) 561-0000
                                                 ed.celiesius@jtblawgroup.com

                                                 *Counsel for Plaintiff*