IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXA ONATE MELECIO, Individually and on behalf of all others similarly situated,<br>        Plaintiff,<br><br>        v.<br><br>NESHAMINY SW, LLC, doing business as "SALADWORKS," and<br>OHRAN G. VELI,<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO. 24-1608 |

J. HODGE                                                                                                                                                                        April 23, 2025

**<u>MEMORANDUM</u>**

      Alexa Onate Melecio ("Plaintiff") brings this suit individually and on behalf of all others similarly situated against Neshaminy SW, LLC, d/b/a "SaladWorks", and Ohran G. Veli (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Plaintiff alleges that Defendants failed to pay assistant managers overtime for hours worked in excess of forty (40) in a workweek. Defendants move to dismiss the Complaint. The Court denies the Motion to Dismiss ("Motion").

**I.      BACKGROUND[1]**

      Defendants maintain and operate SaladWorks franchises which provide food and beverages to customers. (ECF No. 1 ¶ 3.) Defendant Veli is the owner of Defendant Neshaminy SW LLC. (ECF No. 1 ¶ 21.) Defendants operate approximately nine (9) food and beverage stores

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

doing business as SaladWorks in Pennsylvania and New Jersey. (ECF No. 1 ¶ 40.) These SaladWorks locations are in Freehold, NJ, Wayne, NJ, Tom's River, NJ, Galloway Twp, NJ, Huntingdon, PA, Broomall, PA, Langhorne, PA, and Philadelphia, PA. (ECF No. 1 ¶ 41.) Plaintiff was employed as an assistant manager by Defendants from July 2021 to December 2023 at the Langhorne, PA location. (ECF No. 1 ¶¶ 4, 17, 19.) Plaintiff claims that Defendants unlawfully categorized assistant managers as exempt from overtime pay pursuant to the FLSA. (ECF No. 1 ¶ 7.) Plaintiff claims that she and other similarly situated employees worked over forty (40) hours per week and were not paid 1.5 times the base hourly pay for those hours worked in excess of forty (40) as required by federal and state law. (ECF No. 1 ¶¶ 6, 51.) Before the Court is Defendants' Motion to Dismiss ("Motion"). (ECF No. 10.)

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) Motion to Dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to the plaintiff. *Id.* But, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A Plaintiff cannot prove facts they have not alleged.

*Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678. Rather, a complaint must recite factual allegations enough to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id.*

### III. DISCUSSION

Defendants move to dismiss Plaintiff's claims for (1) failure to satisfy the standard for conditional certification of a collective action under the FLSA and (2) for lack of supplemental jurisdiction over state law claims. (ECF No. 10-1.)

### A. Conditional Collective Action Certification

There is generally a two-step approach in determining whether an action under the FLSA can be certified as a collective action. *Rosario v. First Student Mgmt. LLC*, 247 F. Supp. 3d 560, 565 (E.D. Pa. 2017). The first step is conditional certification, and the second step is final certification. *Id.* Defendants, in the present case, argue that Plaintiff has failed to adequately plead conditional certification and, as a result, Plaintiff's FLSA collective action must be dismissed. Defendants further argue that Plaintiff failed to provide "factual support . . . in the form of affidavits, declarations, deposition testimony, or other supporting documents." (ECF No. 10-1, at 5 (citing *Houtz v. Paxos Rest.*, 2024 WL 776658, at *4 (E.D. Pa. 2024)).) Plaintiff argues that the argument that Defendants assert is premature. (ECF No. 11, at 7.)

The Court agrees with Plaintiff that, at this time, making a determination on conditional certification would be premature. *See Rosario*, 247 F. Supp. 3d at 566 (declining to make a determination of conditional certification at the motion to dismiss stage). The Defendants have not presented nor has the Court located a single case where conditional certification was determined

3

at the motion to dismiss stage. All of the cases cited by Defendants in support of their Motion are considered following a filing of a Motion for Conditional Certification—which is not before the Court at this moment. The Court follows that the disposition of a motion to dismiss collective action allegations would proceed similar to a class action under Rule 23, where the Third Circuit has routinely concluded that making a determination on class action certification is premature at the motion to dismiss stage. Fed. R. Civ. P. 23; *see Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 244 (E.D. Pa. 2012); *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011) (noting that courts should grant pre-discovery motions to dismiss or strike class allegations in rare cases only when the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met"); *Mullen v. Red Lobster Rest., LLC*, 2020 WL 13653526, at *9 (W.D. Pa. Feb. 26, 2020) ("Courts routinely reject preemptive motions to strike class allegations except in the rare case."). "It is only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23, that a motion to strike class allegations should be granted." *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015) (internal quotations omitted). Following the precedent noted in the cases cited, this Court adopts this same reasoning to conditional certification under the FLSA. Only when no amount of discovery or time will allow for a plaintiff to resolve deficiencies in class certification under the FLSA, will a motion to strike collection action allegations or dismissal based on collective actions grounds be granted.

Defendants' only argument regarding the insufficiency of the collective action—aside from claiming Plaintiff has provided insufficient evidentiary support which the Court has already deemed unnecessary—is that there can be no class because Plaintiff was the only assistant manager at the SaladWorks location in Langhorne, PA, and that the Langhorne location is the only location

4

under Defendant Neshaminy's ownership. (ECF No. 10-1, at 6.) Plaintiff, however, argues that Defendants operate nine (9) SaladWorks locations. (ECF No. 1 ¶ 40.) At the motion to dismiss stage, the Court must take Plaintiff's allegations as true. As a result, Defendant's arguments are unavailing that Plaintiff would not be able to satisfy conditional certification of a class no matter the amount of time given, or discovery conducted (when they choose to move for certification). As a result, Defendant's Motion is denied as to the Plaintiff's perceived inability by the Defendants to satisfy the standard for conditional certification of a collective action under the FLSA.

### B. Supplemental Jurisdiction over State Law Claims

In an action where the Court has original jurisdiction, the Court shall "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). District Courts, however, may decline to exercise supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (citing 28 U.S.C. § 1367 (c)).

Defendants argue that the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims because the Court will have to address a complex state law issue. (ECF No. 10-1, at 8.) Specifically, Defendants argue that the Court would "need to determine whether Plaintiff, the only assistant manager at the Langhorne location, can bring forth a claim against any other Saladworks [sic] location(s) that are not under Defendant Neshaminy SW, LLC's ownership." (*Id.*) Furthermore, Defendants argue that because the remedies available under

Plaintiff's state law claims differ from those available under the FLSA, that the Court should decline to exercise supplemental jurisdiction. (*Id.*) Defendants primarily rely on *Houtz* to support their proposition. (*Id.* (citing *Houtz v. Paxos Rest.*, 2024 WL 776658 (E.D. Pa. 2024))) Plaintiff argues that Defendants' reliance on *Houtz* is "misguided." (ECF No. 11, at 8.) Plaintiff also argues that the state law claims (PMWA/WPCL) and FLSA claims are part of the same case and controversy and does not contain novel or complex issues; therefore, supplemental jurisdiction is proper. (ECF No. 11, at 8-10.)

The Court first notes several differences between *Houtz* and the present case. First, *Houtz*, as acknowledged by Defendants, involved a novel question regarding whether a service charge is a tip. (ECF No. 10-1, at 7 (citing *Houtz*, 2024 U.S. Dist. LEXIS 31955, at *20-21).) Such a question is not present here. To the extent that Defendants argue that they only have ownership of one store, therefore inherently defeating a collective action, that issue relies on a question of fact. Plaintiff argues that Defendants own nine (9) stores, and, at this stage, the Court must take Plaintiff's allegations as true. Moreover, Defendant fails to provide the Court with any state *legal* issue that would be complex or novel.

Defendants argue that the distinction between FLSA opt-in collective actions and state law opt-out collective actions would therefore present a disparity in the number of similarly situated plaintiffs so great as to transform the action to a substantial degree.[2] (ECF No. 10-1, at 7 (citing *Houtz*, 2024 U.S. Dist. LEXIS 31955, at *20).) While the Court recognizes this argument, the Court notes two important legal distinctions. First, the Court, at this stage, is not persuaded that there will be such a disparity in the number of similarly situated plaintiffs under the FLSA and

---

[2] The FLSA uses "opt-in" procedures for collective actions where a lead plaintiff will send out notices of a collective actions and class-eligible plaintiffs will "opt-in" to the collective action. This is different from an "opt-out" collective action where class-eligible plaintiffs are automatically opted into the collective action and must affirmatively opt-out to preserve an individual cause of action separate from the class.

state-law claims as to transform the nature of the action. *Houtz*, 2024 U.S. Dist. LEXIS 31955, at *20 (citing *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003)). There are only nine (9) stores in question, pre-supposing that there are multiple assistant managers at each store, the number between the potential opt-in and opt-out plaintiffs would not substantially alter the nature of the suit. *De Asencio*, on the other hand, included 3,400 possible class plaintiffs with only eleven percent (11%) opting in. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312-13 (3d Cir. 2003). Neither party has proffered the amount of expected total eligible class plaintiffs. Therefore, at this point, there is insufficient information on the record to make a conclusion about the nature of the suit being substantially altered by the differences in the opt-in/opt-out distinction.

Furthermore, the distinction between opt-in/opt-out class functions, on its own, is not enough to defeat supplemental jurisdiction as the Third Circuit has held that the FLSA opt-in procedure is not inherently incompatible with state-law opt-out class actions. *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 261-62 (3d Cir. 2012) ("[W]e disagree with the conclusion that jurisdiction over an opt-out class action based on state-law claims that parallel the FLSA is inherently incompatible with the FLSA's opt-in procedure. . . .[T]his purported 'inherent incompatibility' does not defeat otherwise available federal jurisdiction."). For these reasons, the Court will continue to exercise supplemental jurisdiction over Plaintiff's state law claims.

### IV. CONCLUSION

For the aforementioned reasons, the Court denies Defendants' Motion to Dismiss. An appropriate order follows.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
HODGE, KELLEY B., J.